# HIGGINS & TRIPPETT LLP
ATTORNEYS AT LAW
1120 AVENUE OF THE AMERICAS
FOURTH FLOOR
NEW YORK, NEW YORK 10036
(212) 840-8334
FAX (212) 840-8336

March 17, 2015

Hon. Andrew L. Carter, Jr.
District Court Judge
United States District Court
Southern District of New York
40 Centre Street, Room 1306
New York, New York  10007

   Re:  Taub v. Arrayit Corporation et. al.  15 Cv 01366

Hon. Judge Carter:

  We represent the defendants in the above referenced action.

  This letter is sent in response the letter of counsel for Plaintff, Ira Daniel Tokayer, Esq. dated March 16, 2015 and e-mailed to my office last evening.

  Mr. Toyaker's request for a Rule 26 conference is premature.  The plaintiff has not yet served a complaint in this action.  As such, it would be impossible to have a meaningful conference to schedule discovery in this action.

  This action was originally commenced in the Supreme Court, New York County on February 4, 2015.  The action was commenced pursuant to New York C.P.L.R 305(b) by filing and service of a Summons with Notice.  As permitted by New York procedure, no compliant was attached to the summons.  A copy of the Summons with Notice (without exhibits) is enclosed.

  It was clear from the summons that the defendants had the right to remove the case based upon diversity jurisdiction pursuant to 28 U.S.C. §1441 and §1446.  On February 25, 2015, defendants filed a Notice of Removal.

  Plaintiff has filed a notice of appearance in this court but has not served a compliant.

HIGGINS & TRIPPETT LLP

      The statements in Mr. Toyaker's letter, as to what the plaintiff is claiming, go beyond anything stated in the Summons with Notice. The Summons with Notice states that the nature of the action is for breach of contract and fraud. The relief sought is money damages, contract rescission, rescission of a release given by plaintiff in August 2014, money damages and costs. None of the specific statements made in Mr. Tokayer's letter are contained within the Summons with Notice.

      Neither is there any statement in the Summons with Notice that plaintiff is seeking appointment of a receiver, attachment or any other provisional remedy.

      Plaintiff is obligated to state his allegations in a <u>complaint</u>, not a letter, so that defendants can respond to them and assert defenses and counterclaims. Until a complaint and answer have been served, a Rule 26 conference or a pre-motion conference, is meaningless. Further, Mr. Toyaker states that additional plaintiffs may be added to the case, but does not state if he is going to represent them. If there are other parties to be added, they should appear in the case before any conference is held.

      Accordingly, plaintiff's request for and Rule 26 conference and a pre-motion conference should be denied as premature and plaintiff should be directed to serve and file a complaint in this action.

                                          Respectfully submitted,

                                          Lewis P. Trippett

cc: Ira Daniel Tokayer

| | |
|---|---|
| SUPREME COURT OF THE STATE OF NEW YORK<br>COUNTY OF NEW YORK<br>---------------------------------------------------------------x | Index No.<br>Date Purchased |
| REUBEN TAUB, | Plaintiff designates<br>New York County<br>as the place of trial |
| Plaintiff, | |
| -against- | The basis of Venue<br>is CPLR 503(a) |
| ARRAYIT CORPORATION, RENE SCHENA,<br>MARK SCHENA and TODD MARTINSKY, | Plaintiff resides at<br>609 West End Ave.<br>New York, New York 10023 |
| Defendants.<br>---------------------------------------------------------------x | |

## SUMMONS WITH NOTICE

To The Above Named Defendants:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
        February 4, 2015

Defendants' Address:                    IRA DANIEL TOKAYER, ESQ.
927 Thompson Place                      Attorney for Plaintiff
Sunnyvale CA 94085                      405 Lexington Avenue, 7th Floor
                                        New York, New York 10174
                                        (212) 695-5250

**Notice:**   The Nature of this action is:   see Schedule A

              The relief sought is:           see Schedule B

Upon failure to appear or answer, judgment will be taken against you by default for the sum of $5,900,000 with interest from February 4, 2015 and the costs of this action, including attorneys' fees as permitted by law.

Schedule A

The nature of this action is: (I) breach of the Contribution Agreement (Ex. A) for, <u>inter alia</u>, failing to modify, issue and deliver warrants under § 1.9(a), improperly agreeing to issue shares under § 5.2, and failing to close on the contribution and other transactions pursuant to § 6.1; and (II) fraud and failure to properly disclose federal and state withholding and other tax liabilities and misrepresentations in the Subscription Agreement (Ex. B), securities filings and elsewhere concerning the development costs for and ownership interest in OvaDX and the use to which funds were to be put, which funds were then misused by, among other things, using them to pay prior debt and not for the purpose intended.

Schedule B

The relief sought: includes but is not limited to: (I) monetary damages in an amount to be determined at trial but in all events not less than $5,000,000.00 for breach of the Contribution Agreement; and/or (II) specific performance of the Contribution Agreement, including preventing defendants from issuing any additional shares while this action is pending and/or for at least six months thereafter; and/or (III) rescission of the Mutual Release for material breaches of the Contribution Agreement; and (IV) monetary damages in an amount to be determined at trial but in all events not less than $900,000.00 for the loss of an investment which was induced by fraud, failure to disclose and misrepresentations; plus (V) the costs and disbursements of this action, including reasonable attorneys' fees as permitted by law; and (VI) such other and further relief as to this Court may seem just and proper.