UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
REUBEN TAUB, IRWIN ZALCBERG
and IRWIN ZALCBERG PROFIT
SHARING PLAN,

      15 Civ. 01366 (ALC)

    Plaintiffs,

**MEMORANDUM OF LAW
IN SUPPORT OF WITHDRAWAL
OF DEFENDANTS' COUNSEL**

-against-

ARRAYIT CORPORATION,
RENE SCHENA, MARK SCHENA
and TODD MARTINSKY,

    Defendants,
----------------------------------------------------------X

Pursuant to Southern District Rule 1.4 Higgins & Trippett LLP ("H&T") respectfully submits this memorandum of law in support of its motion to: (i) withdraw as counsel of record for defendants Arrayit Corporation ("Arrayit"), Rene Schene, Mark Schena and Todd Martinsky (collectively the "Defendants"); (ii) have a retaining lien fixed for the amount of the outstanding balance due to H&T; (iii) and for all dates in the case to be briefly adjourned pending resolution of this motion.

## Preliminary Statement

This memorandum is submitted together with the attorney affirmation of Lewis P. Trippett, Esq. ("Trippett Aff.") dated July 11, 2016 which is submitted under seal solely for the Court's review. The grounds for withdrawal are, (i) the Defendants failure to live up to their contractual obligations by failing to pay their timely legal fees and expenses; and (ii) Defendants' actions have seriously impaired H&T's ability to represent them.

Prior to making this motion, H&T repeatedly advised the Defendants that it would be forced to make a motion to withdraw on the grounds set forth herein. After numerous informal communications to that effect, a formal letter was sent to the Defendants advising Defendants to obtain new counsel so that a motion to withdraw would not be required. None of the Defendants have communicated with H&T since that letter was sent.

During the course of H&T's representation in this litigation, H&T has performed a substantial amount of services including court appearances; preparation for and attending a mediation session; the defense of an application for a preliminary injunction; preparation of a motion to dismiss; reviewing and producing thousands of documents in connection with discovery and conducting and defending the deposition of all parties.

Despite the substantial amount of work undertaken in their behalf, Defendants have failed to live up to their contractual obligations to pay H&T legal fees and expenses on a timely basis. Defendants have left substantial sums unpaid and outstanding for legal services rendered in this action as well as extensive costs incurred on Defendants' behalf.

As a result of Defendants' refusal to pay H&T for its legal fees and other significant costs incurred, H&T is unable to adequately represent the interest of the Defendants. Lack of communication by the Defendants has made it clear that there has been a significant erosion of the attorney-client relationship. As a result of Defendants' failure to pay for legal services and expenses incurred on their behalf, H&T cannot pay vendors and expert witnesses in this litigation. Accordingly, Defendant's actions have seriously impaired H&T's ability to represent them.

H&T has advised Defendants of its intention to terminate representation and withdraw as counsel. H&T's withdrawal will not prejudice the litigation nor substantially impede the progress of this action.

## ARGUMENT

### I. The Rules of Professional Conduct and Local Rule 1.4 Relieve An Attorney Of Record By Order of Court

Pursuant to Local Rule 1.4 of the Southern District of New York, "An attorney who appeared as attorney of record for a party may be relieved . . . by order of the Court . . . Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal. . . " The New York State Rules of Professional Conduct, Rule 1.16 permits withdrawal of counsel where the client "deliberately disregards an agreement or obligation to the lawyer as to expenses or fees." N.Y. Prof. Conduct Rule 1.16(c)(5).

### II. Failure to Pay Its Legal Fees and Expenses Alone Constitutes Sufficient Good Cause for Permitting Withdrawal of Counsel

The Second Circuit has acknowledged that a clients' disregard of its financial obligations to pay legal fees and expenses constitutes good cause for withdrawal. United States v. Parker, 439 F.3d 81 (2nd Cir. 2006)(quoting McGuire v. Wilson, 735 F. Supp. 83, 84 (S.D.N.Y. 1990) and N.Y. Code of Professional Responsibility D.R. 2-110(C)(a)(f)). Similarly, this Court consistently has found the failure to pay legal fees to be a legitimate ground for granting a motion to withdraw as counsel. See, e.g., Blue Angel Films, Ltd. v. First Look Studios, Inc., No. 08 Civ. 6469 (DAB), 2011 WL 672245 at *1 (S.D.N.Y. 2011)("Although there is no clear standard for what may be considered a "satisfactory reason' for withdrawal, it seems evident that non-payment of legal fees constitutes such a reason."), Diarama Trading Co. Inc. v. J. Walter Thompson U.S.A., Inc. No. 02 Civ.2950 (DAB) 205WL 1963945 at *1 (S.D.N.Y. 2005) ("Satisfactory reasons' include failure to pay legal fees. . ."); Cower v. Albany Law Sch. Of

Union Univ., 04 Civ. 0643 (DAB), 2005 WL 1606057at *5 (S.D.N.Y. 2005)("It is well settled that nonpayment of fees is a legitimate grounds for granting counsel's motion to withdraw."): HCC, Inc. R H & M Mach., Co., 96 Civ. 4920 (PKL) 1998 WL 411313 at *1 ("It is well settled that non-payment of legal fees is a valid basis for granting counsel's motion to withdraw.")

Accordingly, courts regularly grant counsel's motion for leave to withdraw where, as here, a client fails to pay its fees for legal services rendered or is unable or unwilling to pay for services to be rendered in the future. Thus, in light of Defendants' continual failure to honor their contractual obligations to pay H&T's invoices for its legal fees and expenses, H&T's motion to be relieved as counsel of record for the Defendants should be granted.

### III. Irreconcilable Differences with Client Further Warrants Withdrawal Of Counsel

Rule 1.16(7) of the New York State Rules of Professional Responsibility permit an attorney to withdraw from a case where "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively."

Withdrawal is appropriate where there is "strong evidence of a strained attorney-client relationship regardless of the source of the strain. . ." Diarama Trading Co. Inc. v. J. Walter Thompson U.S.A., Inc. No. 02 Civ.2950 (DAB) 205WL 1963945 at *3 (S.D.N.Y. 2005) Withdrawal is permitted where there is an irreconcilable difference regarding litigation strategy. Tufano v. City of New York, 94 Civ. 8655, 1996 WL 419912 at *1 (S.D.N.Y. 1996)

As a result of the Defendants continued failure and refusal to pay their legal fees and expenses, an irreconcilable conflict and tension have developed between Defendants and their counsel. Defendants' refusal to communicate with counsel has made it so that H&T can no longer adequately represent the interests of the Defendants. As a result of Defendants' failure to

pay legal expenses incurred on its behalf, H&T's ability to zealously defend Defendants has been seriously compromised because H&T cannot pay for an expert witness or vendors in this litigation. Defendants actions have seriously impaired H&T's ability to represent them.

## IV. **Withdrawal of Counsel Will Not Prejudice Defendants**

Defendants will not be prejudiced by H&T's withdrawal as counsel. Party discovery has been completed. A motion to dismiss has been fully briefed and is awaiting a decision. Pending the decision on the motion to dismiss, all discovery related to the fraud claims has been stayed. Non-party discovery on the contractual claims has been completed. At most, the date for Defendants to produce an expert witnesses may need a brief extension in order for new counsel to make that determination with the Defendants. New counsel will have ample time to complete any non-party fraud discovery should the motion to dismiss the fraud claims be denied.

## V. **Higgins & Trippett LLP is Entitled to a Retaining Lien for the Unpaid Balance of Its Fees.**

It is well settled that an attorney has a right to a retaining lien for outstanding unpaid fees and disbursements on a client's papers and property that came into the attorney's possession while representing the client. See, Pomerantz v. Schandler, 704 F.2d 681, 683 (2nd Cir. 1983); In re: San Juan Gold, Inc., 96 F.2d 60 (2nd Cir. 1938).

Counsel retains the right to a retaining lien when leave to withdraw is granted by the court. Viada v. Osaka Health Spa, Inc., No. 04 Civ. 2744, 205 WL 3481196 at *2 (S.D.N.Y. 2005).

The amount of the retaining lien is determined by the court. Katz v. Image Innovations Holdings, Inc. et al., No. 6 Civ. 3707 (JGK) 2009 WL 1505174 at *2 (S.D.N.Y. 2009). Given the difficulty of this matter, the nature of the services rendered, the amount of work at issue and the qualifications of counsel, H&T respectfully submits that the amount of the outstanding

unpaid balance is reasonable and should be fixed by this Court has the amount of the retaining lien.

## CONCLUSION

For the foregoing reasons, H&T respectfully requests that this Court grant its motion to withdraw as counsel of record for the Defendants, to fix the retaining lien to which H&T is entitled and to briefly adjourn all scheduled dates pending the resolution of this motion.

Dated: New York, New York
July 13, 2016

HIGGINS & TRIPPPETT LLP

By: _____
Lewis P. Trippett
1120 Avenue of Americas
Fourth Floor
New York, New York 10036
(212) 840-8334