**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------- x
**REUBEN TAUB, IRWIN L. ZALCBERG** and **THE IRWIN ZALCBERG PROFIT SHARING PLAN,**

                    **Plaintiffs,**   15-CV-1366 (ALC)(JLC)

     -against-   **ORDER ON MOTION IN LIMINE**

**ARRAYIT CORPORATION, RENE SCHENA, MARK SCHENA,** and **TODD MARTINSKY,**

                    **Defendants.**

--------------------------------------------------------------- x

**ANDREW L. CARTER, JR., District Judge:**

      Plaintiffs Reuben Taub, Irwin L. Zalcberg and the Irwin Zalcberg Profit Sharing Plan (the "Plan," and collectively, the "Plaintiffs") brought this action against Defendants Arrayit Corporation, Rene Schena, Mark Schena, and Todd Martinsky (collectively, the "Defendants"), alleging breach of contract and fraudulent inducement of their investments. After extensive motion practice and the close of discovery, the parties were ordered to file their pretrial submissions by March 23, 2022 in anticipation of a bench trial originally scheduled for April 5, 2022. *See* Minute Entry of Feb. 11, 2022. Plaintiffs submitted their pretrial filings in a timely manner. To date, Defendants have not filed any pretrial submissions, nor asked the Court for an extension of time to do so. Therefore, the Court will treat Plaintiffs' submissions as unopposed.

      District courts have discretion to determine evidentiary issues presented in motions in limine in advance of trial. *See, e.g.*, *United States v. Dupree*, 706 F.3d 131, 135 (2d Cir. 2013); *Henry v. Wyeth Pharm., Inc.*, 616 F.3d 134, 149 (2d Cir. 2010). The purpose of a motion in limine "is to aid the trial process by enabling the Court to rule in advance of trial on

the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). As Defendants have filed no opposition despite over a year of delay, Plaintiffs' motion in limine at ECF No. 232-234 is granted in its entirety as unopposed.

The Court previously issued an OSHOW as to why the plaintiffs' motion in limine and trial submissions should not be treated as unopposed and why the Court should not enter judgment in favor of plaintiffs. ECF No. 265. The Court grants the motion in limine, but declines to enter judgment based on Defendant's failure to oppose the motion in limine or submit pretrial materials.

However, Plaintiffs are granted leave to file a motion to enforce the parties' unsigned Settlement Agreement. *See* ECF No. 264.

Plaintiff's Initial Brief: April 14, 2023

Defendant's Opposition: April 28, 2023

Plaintiff's Reply (if any): May 5, 2023

The Clerk of Court is respectfully directed to terminate the open motions at ECF No. 232.

**SO ORDERED.**

**Dated:**      **New York, New York**
                **March 30, 2023**

_____
       **ANDREW L. CARTER, JR.**
       **United States District Judge**